BK 116
(9/00)

Adversary Proceeding No. 07-07008

## CERTIFICATION OF SERVICE

I, James P. Carmody of ** 116 Veterans Drive, Richlands, VA 24641 certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age; That on the 6th day of February, 20 07, I served a copy of the within Summons and Notice of Trial {or Pretrial Conference}, together with the complaint filed in the proceeding, on:

Edward Lester Jr. President

the defendant(s) in this proceeding, by {describe here the mode of service}:

Certified mail receipt no. 7006 0100 0005 0141 1185

the said defendant(s) at:

Wyoming Financial
PO Box 262
Ikes Fork WV 24845-0262

I certify under penalty of perjury that the foregoing is true and correct.

Executed on 2/6/07                James P. Carmody
{Date}                            {Signature}

**State mailing address

---

It is the Court's desire to minimize the amount of time required of counsel and therefore the expense to the parties to comply with the requirements of the Court and the needs of the matter to be considered. Accordingly, if any counsel prefers that the pre-trial conference be conducted by means of conference telephone call, such counsel should contact other counsel to see if there is agreement to such effect and, if so, to contact Judge Krumm's assistant Ms. Dickenson, at (540) 434-6747 or Judge Stone's assistant, Ms. Carroll, at (540) 857-2394, as may be applicable to arrange a mutually convenient date and time for such a call.

The ground rules are as follows:

1. Except for good cause shown, such conference call for the initial pre-trial conference will be subject to the unanimous agreement of counsel and will only be available where all parties are represented by counsel.

2. Counsel must agree on which of them will be responsible to initiate the call and shall so advise the Judges' office at the time of the call.

3. Such calls, except for good cause shown and unless prior arrangements are made, will be conducted without a court reporter. Should counsel wish a record of any conference call, counsel must arrange for a court reporter.

csks.frm

BK 116
(9/00)

Adversary Proceeding No. 07-07008

## CERTIFICATION OF SERVICE

I, James P. Carmody of ** 116 Veterans Drive, Richlands, VA 24641 certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age; That on the 6th day of February, 2007, I served a copy of the within Summons and Notice of Trial {or Pretrial Conference}, together with the complaint filed in the proceeding, on: Tim Greaves, Manager, Mortgage Division

the defendant(s) in this proceeding, by {describe here the mode of service}:

Certified mail receipt no. 7006 0100 0005 0141 1208

the said defendant(s) at:

Chase Home Finance LLC
3415 Vision Drive
Columbus OH 43219-6009

I certify under penalty of perjury that the foregoing is true and correct.

Executed on  2/6/07
{Date}        {Signature} James P. Carmody

**State mailing address

---

It is the Court's desire to minimize the amount of time required of counsel and therefore the expense to the parties to comply with the requirements of the Court and the needs of the matter to be considered. Accordingly, if any counsel prefers that the pre-trial conference be conducted by means of conference telephone call, such counsel should contact other counsel to see if there is agreement to such effect and, if so, to contact Judge Krumm's assistant Ms. Dickenson, at (540) 434-6747 or Judge Stone's assistant, Ms. Carroll, at (540) 857-2394, as may be applicable to arrange a mutually convenient date and time for such a call.

The ground rules are as follows:

1. Except for good cause shown, such conference call for the initial pre-trial conference will be subject to the unanimous agreement of counsel and will only be available where all parties are represented by counsel.

2. Counsel must agree on which of them will be responsible to initiate the call and shall so advise the Judges' office at the time of the call.

3. Such calls, except for good cause shown and unless prior arrangements are made, will be conducted without a court reporter. Should counsel wish a record of any conference call, counsel must arrange for a court reporter.

csks.frm

BK 116
(9/00)

Adversary Proceeding No. 07-07008

## CERTIFICATION OF SERVICE

I, James P. Carmody of ** 116 Veterans Drive, Richlands, VA 24641 certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age; That on the 6th day of February, 20 07, I served a copy of the within Summons and Notice of Trial {or Pretrial Conference}, together with the complaint filed in the proceeding, on:

William E. Callahan Jr. Esq, Counsel for Charlie R. Jessee, Trustee

the defendant(s) in this proceeding, by {describe here the mode of service}:

Certified mail receipt no. 7006 0100 0005 0141 1215

the said defendant(s) at:

LeClair Ryan
PO Drawer 1200
Roanoke VA 24006-1200

I certify under penalty of perjury that the foregoing is true and correct.

Executed on 2/6/07            James B. Carmody
         {Date}                  {Signature}

**State mailing address

---

It is the Court's desire to minimize the amount of time required of counsel and therefore the expense to the parties to comply with the requirements of the Court and the needs of the matter to be considered. Accordingly, if any counsel prefers that the pre-trial conference be conducted by means of conference telephone call, such counsel should contact other counsel to see if there is agreement to such effect and, if so, to contact Judge Krumm's assistant Ms. Dickenson, at (540) 434-6747 or Judge Stone's assistant, Ms. Carroll, at (540) 857-2394, as may be applicable to arrange a mutually convenient date and time for such a call.

The ground rules are as follows:

1. Except for good cause shown, such conference call for the initial pre-trial conference will be subject to the unanimous agreement of counsel and will only be available where all parties are represented by counsel.

2. Counsel must agree on which of them will be responsible to initiate the call and shall so advise the Judges' office at the time of the call.

3. Such calls, except for good cause shown and unless prior arrangements are made, will be conducted without a court reporter. Should counsel wish a record of any conference call, counsel must arrange for a court reporter.

csks.frm

BK 116
(9/00)

**Adversary Proceeding No. 07-07008**

## CERTIFICATION OF SERVICE

I, James P. Carmody of ** 116 Veterans Drive, Richlands, VA 24641 certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age; That on the 6th day of February, 2007, I served a copy of the within Summons and Notice of Trial {or Pretrial Conference}, together with the complaint filed in the proceeding, on:

Charlie R. Jessee, Trustee

the defendant(s) in this proceeding, by {describe here the mode of service}:

Certified mail receipt no. 7006 0100 0005 0141 1161

the said defendant(s) at:

PO Box 1229
Abingdon VA 24212-1229

I certify under penalty of perjury that the foregoing is true and correct.

Executed on 2/6/07
{Date}    {Signature} James P. Carmody

**State mailing address

---

It is the Court's desire to minimize the amount of time required of counsel and therefore the expense to the parties to comply with the requirements of the Court and the needs of the matter to be considered. Accordingly, if any counsel prefers that the pre-trial conference be conducted by means of conference telephone call, such counsel should contact other counsel to see if there is agreement to such effect and, if so, to contact Judge Krumm's assistant Ms. Dickenson, at (540) 434-6747 or Judge Stone's assistant, Ms. Carroll, at (540) 857-2394, as may be applicable to arrange a mutually convenient date and time for such a call.

The ground rules are as follows:

1. Except for good cause shown, such conference call for the initial pre-trial conference will be subject to the unanimous agreement of counsel and will only be available where all parties are represented by counsel.

2. Counsel must agree on which of them will be responsible to initiate the call and shall so advise the Judges' office at the time of the call.

3. Such calls, except for good cause shown and unless prior arrangements are made, will be conducted without a court reporter. Should counsel wish a record of any conference call, counsel must arrange for a court reporter.

csks.frm

BK 116
(9/00)

**Adversary Proceeding No. 07-07008**

## CERTIFICATION OF SERVICE

I, James P. Carmody of ** 116 Veterans Drive, Richlands, VA 24641 certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age; That on the 6th day of February, 20 07, I served a copy of the within Summons and Notice of Trial {or Pretrial Conference}, together with the complaint filed in the proceeding, on: Eric David White, Esq. Counsel for Chase Home Finance LLC

the defendant(s) in this proceeding, by {describe here the mode of service}:

Certified mail receipt no. 7006 0100 0005 0141 1192

the said defendant(s) at:

Samuel I White PC
1804 Staples Mill Road Suite 200
Richmond VA 23230

I certify under penalty of perjury that the foregoing is true and correct.

Executed on  2/6/07
{Date}                                  James P. Carmody
                                        {Signature}

**State mailing address

---

It is the Court's desire to minimize the amount of time required of counsel and therefore the expense to the parties to comply with the requirements of the Court and the needs of the matter to be considered. Accordingly, if any counsel prefers that the pre-trial conference be conducted by means of conference telephone call, such counsel should contact other counsel to see if there is agreement to such effect and, if so, to contact Judge Krumm's assistant Ms. Dickenson, at (540) 434-6747 or Judge Stone's assistant, Ms. Carroll, at (540) 857-2394, as may be applicable to arrange a mutually convenient date and time for such a call.

The ground rules are as follows:

1. Except for good cause shown, such conference call for the initial pre-trial conference will be subject to the unanimous agreement of counsel and will only be available where all parties are represented by counsel.

2. Counsel must agree on which of them will be responsible to initiate the call and shall so advise the Judges' office at the time of the call.

3. Such calls, except for good cause shown and unless prior arrangements are made, will be conducted without a court reporter. Should counsel wish a record of any conference call, counsel must arrange for a court reporter.

csks.frm